M-18-0252, Fifth City Plaza v. Gardner, Marsiniak Counsel, you may proceed If it please the Court, Mr. Walker, John Makarovsky, and Captain Appellant It's the Appellant's position in this case that the arbitrator properly applied the law to the facts which were not in dispute and found that the case should be barred due to lack of timely notice under Section 6C Appellant also believes that the dissenting Commissioner's opinion is correct which indicates that the arbitrator's decision should have been affirmed The issue in this case is solely notice It is the Petitioner's burden to prove all elements of his claim Notice is jurisdictional and a prerequisite The Act is clear that with respect to notice, it must be given within 25 days and the Act specifically states that you should give the notice of the accident date and place As you were saying, the claimant number specifically stated that her injury arose from a work-related accident Is that part of your argument? Yes, Mr. Spencer Are there cases that say that the Commission can infer from the nature and the circumstances that the claimant testified to that it was work-related? Can they make that inference? I don't think they can make an inference when there's no dispute as to what was stated The claimant admitted that there were only three conversations One, my arms hurt Two, after she had an MRI on September 11th, that I have a torn ligament And the third conversation, that I have a torn ligament in my right shoulder and my left shoulder and my left knee hurts Now, the case law indicates that the employee is obligated to give notice to the employer of all facts known The Court, Commission, found that she sustained a specific accident on September 1st, 2012 when she was pulling heavy wet bedding of laundry that she felt pain in her right shoulder So, the history she gave to the doctor also listed that effect What about the S&H 4 covering case? Did you look at that? I did look at the S&H 4 covering case, and that dealt with a repetitive trauma case as opposed to a specific incident So, in that case, the Court found that the employee gave the facts as known at the time that his knees hurt But that was not a specific trauma case That was a repetitive trauma case So, they said that's the most the employee knew at the time had not seen the doctor yet to get an opinion that there would exist a causal relationship between the knee condition If you look at the two cases that are controlled One from our Supreme Court, Fenix Sison, specifically addresses the case In Fenix Sison, an employee had a piece of wood fall on his foot, November 9th November 16th, he told the employer, my toe is sore, but didn't say it was an industrial cause While not being admitted to the hospital between November 25th into early December The wife called the employer and stated, my husband's in the hospital, undergoing care He has some business that he wants to speak to his boss about But never alleges that it was a work accident Notice is not given of a work accident until December 29th, 49 days after the statute And here's where the majority decision of the Commission is wrong with respect to the case law And the precedent in those cases have never been overruled The majority decision states, there's no evidence that she mentioned her condition was related to work But the employer did not prove any prejudice The prejudice provision of the statute, as stated by our Supreme Court in Fenix Sison Only comes into play if there is defective notice of a work accident Just to clarify then, you're all in on the argument that there was no notice whatsoever Because as I looked at the brief, you didn't raise an alternative argument on a lack of prejudice, did you? Correct So you're all in on the notion I'm all in on that And if you look at the case law, it was specifically rejected in Fenix Sison They said there has to be notice of a work-related cause before that prejudice comes in So your position is a matter of law, the Commission could never infer from what the claimant said to the employer That it was a work-related accident Inference cannot be drawn, is that your position? Not when the facts are clear and not disputed And she was asked several times across examination Was that the full extent of the conversation Yes, that was all that was said Can the employer ever infer from the nature of the injury that it was work-related? Not in this case We didn't get to that yet Can the employer ever infer from the nature of the injury that it's work-related? Maybe in a repetitive trauma case where the employee may not have knowledge of the facts or the conditions Let's say he had a meat cutter who said, I have carpal tunnel How about a punch press operator gets his finger mashed off and says, oh my God, my finger is off And doesn't say it happened in the punch press ten feet away Well, I think that's a stark difference because if you're aware Would that be that they could infer that that was work-related? In that case, because you would see the employee start work Obviously, they wouldn't be able to start work and perform their duties If their finger was chopped off when they came in and they left work on the next day You're saying that's open and obvious That's open and obvious So it would depend then upon the nature of the injury And that injury's relationship to the work Which would make the determinations of whether an employer can in fact infer from the nature of the injury that it's work-related Well, and that is this But keep in mind in this case, the claimant admitted and the employer testified That she underwent an orientation process And she was aware to report any work accident Or any condition she believed to be related to her work immediately And have an accident report completed And in this case, she didn't do that And in this case, if you look at the case law She was obligated to tell the employer of all facts known at the time She told her doctor, I was hurt pulling the laundry and needed my right shoulder She had the obligation to state a work loss The only three conversations, and as the arbitrator analyzed the case law Specifically stated there was no work loss She had until October 16th to prove her burden of notice within 45 days And did not do so This court also, in the case of Lowell White Which was a repetitive trauma claim Wherein the employee developed pain in his shoulders and back And subsequently had surgery The appellate court stated The fact that the employer may have known that the individual was undergoing medical care Or even had surgery or had some condition of ill-being Is not relevant Because the employee was obligated to put the employer on notice of a work-related condition And again, this was this court In a decision of Lowell White July 5th, 2017 That stated a prejudice portion does not come into play Unless there's some defect in notice of a work accident Unless defect in a work accident If she would have just stated I hurt my shoulder at work Or I believe this is due to work That would have been defective notice Because it wouldn't have given the date as the statute suggests Or the time That's a defect in notice But when there is no reference whatsoever To a work incident Or a work cause of the condition Under the Fenix Supreme Court case In this court's decision of Lowell White No mention of a work-related accident The employee has stated In the well-written decision of the arbitrator Simpson Who is now a commissioner In the setting opinion of Lamport Is correct The majority decision misapplied the law By noting there was no mention of a work-related condition So they didn't even make that inference In their own decision That it was given within 45 days They went to the prejudice But our court has told us from the Supreme Court The prejudice provision doesn't come in Unless there is some mention of a work-related accident or cause This is no dispute regarding the facts So I submit it's a question of law And this court has the noble jurisdiction To apply the law to the facts which are not in dispute Because everybody agrees that those were the only three conversations And none of the conversations referenced a work cause Or a work accident So I would request this court Reverse the majority decision of the commission And reinstate the initial decision of the arbitrator Finding that the case is large for lack of time and notice Of a work condition or a work accident Given prior to or before October 16, 2012 Thank you, counsel. You have time in reply Counsel, you may respond May it please the court, Mr. Nakarowski My name is Matt Walker I'm here today on behalf of the injury worker, Ms. Rosalyn Marcinia And in support of the decision of the Illinois Workers' Compensation My friend, Mr. Nakarowski, argues that this is a question of law Every case regarding notice before the appellate in the Supreme Court Has identified the issue of notice through the manifest way standard That it's a question of fact to be determined by the Illinois Workers' Compensation Well, what facts did they rely on to establish? She's saying there was just no notice Well, Your Honor, there was defective notice The commission found that there was defective notice provided by the injury worker, Ms. Marcinia What notice did she give that her injury was work-related? She had conversations with Ms. Bartusiak And what did she say? She indicated that her shoulder hurt her These conversations took place in the workplace, in the area where she did the laundry Ms. Bartusiak herself was well-appointed with the job duties associated with that position That may be true, but again, everybody's asking What specific, what did she say specifically that provides notice within the meaning of the act? Other than she's at work, the supervisor knows what she's done, alluding to that But what does that mean? Well, Your Honor, I think what the commission is doing is looking at the context of the entire case And the conversations that occurred between Ms. Marcinia and Ms. Bartusiak And is making the inference, which I believe, in contrast to Mr. Macroski The commission is able to draw, much like they did in the case of S&H Flooring Where the employer is in possession of knowledge of the duties performed by the injury worker And they are aware of the injuries that were sustained by the injury worker Well, that theoretically applies in every case Where the supervisor is there every day, knows what the employee does I mean, that doesn't in and of itself carry the day So what did she say relative to her injury? How did she articulate that to the supervisor as to what happened to her? What did she say? She indicated in the transcript that she never approached the issue distinctly And particularly related to the workplace However, all of her conversations took place in the workplace with Ms. Bartusiak And she said what? She said that she had problems with her right shoulder She indicated that in August of September, or between August and September 1st of 2012 After she had the MRI of her right shoulder She indicated to her supervisor, Ainslis Mutko, that she had a tendon, a bad tendon or a torn tendon in her right shoulder All she's doing is describing a condition of ill being that could have come from a sinus infection Arguably, okay? And so opposing counsel is saying Describing the condition of ill being that any employee has while on the work site is not sufficient It has to have a statement or by that workman or work person That there's a connection between what I'm doing here for you, employer, and my condition of ill being I mean, all the arbitration and commissions decisions are after that We're just talking notice That there has to be a linkage Whether it's not a valid linkage is for the litigation phase of these cases We're apparently right here on the issue of was there any notice given to the employer? In her conversations with Ms. Bartusiak and with Ms. Mutko Ms. Bartusiak indicates that she did not say that the condition was for the employer In the last conversation, which is part of the transcript She says that she was reporting it to her employer Mr. McElrouse, you have to say So we have to infer that reporting it, that the it is the connection between the condition of ill being And some activity in the course of an employment situation, right? I think that's the inference that the commission is drawing from the circumstances of the case And they're permitted to do that based upon the case law Such as the case of Muckendale and S.H. Floyd Where the employer is aware, as in this case, as the employer was in this case Due to conversations between Ms. Bartusiak and Ms. Bartusiak All the employer, arguably, opposing counsel says is aware of these conversations Is that she has a condition of ill being, period Is that sufficient for notice? Yes, it's sufficient for defective notice So you're saying that if somebody's on a vacation for two weeks An active vacation, they come back in and on a Monday afternoon after they're gone They say, you know, my shoulder hurts today Under your argument, that would be sufficient It's defective Well, wait a minute, wait a minute Are you trying to suggest that the only thing an employee has to do Is say, I'm hurt, and that's defective notice? No, I think that there has to be circumstances surrounding that That would give rise to the employer making that Or the potential or the inference that the employer can draw From the circumstances surrounding the work And the description of what's going on Then in that particular case, it wouldn't be defective notice Then it would be, the commission in this case It would be notice What is defective notice? I'm going to ask that question Well, defective notice would be any notice that's given I would refer the court to Lock and Bill or S&H Flooring For example, in S&H Flooring, you have a gentleman who's laying on the floor He has a knee injury There's never any discussion of any particulars That this knee injury is related to his employment There's no notice for 49 days As far as specific notice regarding particulars of a work accident And the court found that the commission was entitled to make the inference Based upon their knowledge of the job duties That this was a potentially work-related issue The notice was defective But that the employer had failed to prove any prejudice As a result of the defective notice And in our case, with Ms. Marciniak They had much more notice And much more information That was provided to the employer at S&H Flooring There were constant conversations Between Ms. Bartusiak and Ms. Marciniak Ms. Bartusiak acknowledged on the record That she was aware that Ms. Marciniak was missing work That this was unusual She was seeing doctors She was having tests Everything that could be said was said Except for the magic words I was injured at work We're dealing with a Polish immigrant Dealing in a work space Where she goes to report an accident to her employer Through a Polish interpreter The inference is there There's more of an inference in our case Than there is in Luckinville Where the employer was immediately aware Of the injuries sustained Or the conditions sustained Just like in our case Go ahead, can you finish that? Sure And that was enough The fact that the employer was aware of the injuries That was enough to sustain a defective notice In Luckinville As if any showing of prejudice by the employer And as far as the argument between Whether this is repetitive trauma Or whether this is a discrete injury The court in Luckinville said that's relevant Whether the defendant suffers a gradual onset of pain Or a specific traumatic injury The evidence in that case pointed to a back injury On February 26th What were the facts in Luckinville? What was the evidence? The evidence was the medical records As well as the job description that were provided That the employer was aware of Supporting the fact that there was a work-related injury Just like in our case The same as in SMH Yeah, but see Supported there was a work-related injury Is a finding of fact that leads to compensability We're still here only on notice I mean, finder of fact Yeah But that isn't causation sufficient to support compensation That's a second step Of course, but the notice As long as there is some sort of Mr. MacRosty will respond to this case Wants the act to be read As some sort of rigid or exclusive They want you to read the act Like it's rigid or exclusive Well, what he's saying is Is that the act would say Or that notice is an averment Of a connection between my ill Condition of the ill being And my activity support Correct A positive averment Could be erroneous It could be later found Later found not compensable But There's no dispute in this case Okay And on October 23rd, 2012 Ms. Marciniak, which is past the 25 days Required notice Comes in with the note from her doctor And everybody in town Even Ms. Martusiak Those who have changed their story Whether it's December or it's October That it's work-related Everything leading up to that Relates to that injury Mr. MacRosty talks about the case of Lowell White In Lowell White The injured worker himself Indicated on the forms That it was not work-related Lowell White was a repetitive trauma case The doctor in Lowell White Dr. D'Andrea, I believe it was Was equivocal The treating physician was equivocal As to whether or not this was a work-related injury In our case Ms. Marciniak constantly complained About the right shoulder Which was found compensable by the commission They had a job description that was good enough That they were able to provide that To their Section 12 examining physician Dr. Zimmer  Divided by a mid-quarter Was able to find causal connection Between the work and the injury So they were on notice That the fact that that job description And the work that Ms. Marciniak was performing Were the accountable costs They were on notice within 45 days? They were not given Particulars of notice within 45 days But they were The notice would be considered defective Prior to the 45 days Due to the conversations Between Ms. Marciniak and Ms. Bartusiak The fact that Ms. Bartusiak acknowledged That she knew the job of the petitioner That it was unusual That she was calling out for work And would like to see all these actors for visits It's almost as if everybody stood around And talked about everything Until it came for a moment And then they asked Well did you hurt yourself at work? And everybody kind of stood there And looked at each other And didn't say anything When you look at the heart Let me ask you this Counsel, I'm sorry to interrupt Sure In reporting the injury With the use of Communicated this is a Polish immigrant And there's language barriers To the use of the interpreter Is that a red herring Or is it something we can glean From the fact that this report Is being made through interpreters And being taken down by the employer? I don't think it's a red herring As far as the interpretation going on So much as it is An understanding of the concept Of making this report So she says I go to my employer At the end of September And I meet with Ms. Zutko Who was not called as a witness Despite the fact that respondents Were provided with an opportunity To go ahead and call Ms. Zutko During the transfer They don't call Ms. Zutko There's an office worker in there Who makes the translation There's a report Nobody has the report Mr. McElraski asked my client Ms. Zutko As to whether or not she had a copy of the report If anybody has a copy of the report It will be the employer And they did not put a copy of that report Into evidence Neither did they call Ms. Zutko To testify regarding the contents of that report So as it stands Ms. Zutko Going to the employer After all of this truth Where our doctor As opposed to the doctor In low white Is not equivocal about causation Everything is related All the medical When did that come into being Ms. Doctors? That's an unequivocal relationship September 1st, 2012 And is that within the 45 days? Yes That's the day we asked No When did the doctors report Become aware Oh The employers become aware of the report The note from October 23rd The date of October 23rd, 2012 Is when the parties agree Everybody comes and agrees That there was notice As to a work related injury Our argument is This is at the end of September When she had the conversation With Ms. Zutko And with the office worker There was notice of the injury Well I know what your argument is But I'm saying You want to move us over Outside of 45 days With some medical connection Well I understand And that only goes to the second phase Of is it even compensable I think it goes to the phase of Well because it's not within 45 days Neither was SNH4 It was within 49 days Neither was So it's The employer has to show That presupposes That the September conversation Was in fact signed for But there was no indication There was no rebuttal evidence To that conversation They talk about what she lived on In Mercy Works The Act allows you to go To whatever doctor you want to go to There's no requirement There's no collective bargaining Or you have to go see Some sort of company doctor Like you work at Caterpillar Or you work at GM You can go to any doctor you want So basically you're all in On the inference argument He's all in on the no notice So you would have to find A poll of the inference here Because you candidly Or tacitly acknowledge There was no real notice In compliance with the Act Specifically There's a dispute As to whether or not Notice was compliable Within 45 days As relates to the conversation At the end of September Which would be within 45 days Both parties acknowledge Based upon the trial transcript That October 23rd, 2012 Everybody was But again We're going round and round That's outside the time frame To have that within the time frame We have to uphold the inference Do we not? Yes, I believe you can I believe the Court has done that On numerous occasions Showing precedent From Buckinghamville S.H. Flory Andrew Hocko The public's field And that's our job Yes, Your Honor That's our job Okay Now we've established It's our job Thank you Thank you Thank you, Counsel Briefly As you are aware    On the stipulation Sheet for hearing That was entered At the time of arbitration There is no discovery However On the stipulation Sheet for hearing That was entered At the time of arbitration Since notice was in dispute Employee Had to allege Who notice was given to Employee only alleged That notice was given to Anna Bartusiak Ms. Bartusiak Also spoke Polish So there was no Communication barrier There was no mention Of a Wanda Cebusko The cases that Counsel Refer to Okay, so now we're right At that point So let's get away from The language Polish speaking to Polish So there wouldn't be A misunderstanding Arguably by Bartusiak Correct Of what the Claimant was saying Correct Now Is Bartusiak Credible when she  The claimant Did not connect Conditions with Job activities Well I believe She has to be Credible Because The claimant Admitted That she Never mentioned A work-related cause Counsel said the same thing She never said A work-related cause Within 45 days And I asked her On cross-examination Are you certain That's the full extent Of the conversation Yes So your argument is Is that Bartusiak's credibility Is irrelevant because The claimant herself You'd have to find her You'd have to find Them both incredible Yes Yes And with respect to The fact that The case was Constituted Republic Steel Was a heart attack Case where the Employee went home And died And the Relative said He left home Came home from work Was feeling ill So that was All facts Known at the time The deceased Employee couldn't Tell what happened In this case We have a Specific incident The case of Gano and Lukerbell Were factual Disputes Where there was A conflict The employee Said I said It was a work Related accident The employee Denied it But maybe the Foreman said Yeah maybe he Did tell So those were Purely factual And how do you Distinguish SNH-40 Again that he's Primarily relying on I just Distinguish that Because that's A repetitive Trial case And the Employee was A carpeted Scholar Who obviously Works on his Knees all day And called in And said his Knees hurt So that's More of an Obvious Like Justice Hoffman mentioned With the Punch press Situation But here We have a Nebulous complaint My arms hurt I have a Torn ligament And she was Aware of All facts Known Now with Respect to The medical Bill Or medical work It's Obvious That the Employee    Scholar Who Used His Knees As opposed To a Laundry Person Charged With Laundry Who All day Every day Lifts Laundry At basically Head high Using her Shoulders and Arms Well for One Because she's Not Alleging A repetitive Trauma She's Alleging A specific Trauma And many Individuals With aging Develop Impingement Syndrome Complaints Of shoulder Pain Arthritis But with Respect to The medical Reference The Employer Didn't have Any medical Reference Indicating Any history Of work Related Cause In fact Even the Note that She brought In October 26th Didn't have Restrictions And even Reference Of work Cause The Employer's First knowledge Of a Work Related Accident Was in December Well beyond The 45 Days Now with Respect to The   Any  Of work Related   Even the Note that She brought In October   Restrictions Of work Related Cause In fact Even the Note that She brought In October 26th Didn't have Restrictions Of work Related Cause  Employer's             The Any Note that She brought In October 26th Didn't have Restrictions Of work Related Cause The Work Related Cause The Any           Employer's First knowledge Of a Work Related Cause The Any Note that